

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable James E. Kilday, Director
Motor Transportation Division
Railroad Commission of Texas
Austin, Texas

Dear Sir:                Opinion No. 0-1899
                         Re:  Whether or not a proposed
                              truck lease form presents
                              a situation by which haul-
                              ing can be done without re-
                              gard to the Texas Motor
                              Carrier Law, same being
                              Article 911b, Vernon's
                              Annotated Revised Civil
                              Statutes

        We received your letter dated January 27,
1940, which is self-explanatory and which reads as
follows:

            "Montgomery Ward & Company, Inc.,
        has arbitrarily divided the State of
        Texas into thirty-five districts.
        Montgomery Ward & Company Inc., will
        ship its catalogues into a central
        point in each of these districts by
        means of common carriers.  After these
        catalogues reach the central point in
        a district, Montgomery Ward & Company,
        Inc., proposes to lease and operate a
        truck for the transportation of its
        catalogues from such central point to
        every post office within the district.
        At each of the post offices within a
        district, Montgomery Ward & Company,
        Inc., will mail catalogues to the per-

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

454

sons within the area served by each post office without any charge being made to the persons to whom the catalogues will be mailed. The trucks used in delivering the catalogues within a district will be operated by drivers who are in the employ and under the sole supervision of Montgomery Ward & Company, Inc. A copy of the lease agreement to be executed by Montgomery Ward & Company, Inc., and the owners of the trucks used in these deliveries is hereto attached.

"We are also attaching hereto a copy of the employment contract to be used by Montgomery Ward & Company, Inc., in hiring drivers to operate trucks used in the above described deliveries.

"We respectfully submit to the Attorney General for an opinion and a ruling thereon the following question of law:

"Assuming that Montgomery Ward & Company (1) uses the leased trucks for delivering catalogues, and (2) does not use the leased trucks for any purpose for which it makes any charge against anyone, under such conditions, and in compliance with the terms of the truck lease hereto attached, will the operation of such leased trucks constitute an operation of the leased trucks for compensation and hire within the meaning of the Texas Motor Carriers Act?"

The proposed lease form reads, in part, as follows:

"The Owner hereby leases to the Lessee the following truck with motor and serial numbers as follows:

| Make of Truck | Motor No. | Serial No. |
| --- | --- | --- |
|  |  |  |

Honorable James E. Kilday, page 3

to be used by the Lessee in the delivery of catalogs owned by Lessee from _____, Texas, to all points and places shown upon the route sheets furnished by Lessee attached hereto, and signed by both parties hereto for the purpose of identification. This lease shall be in force for such period as may be reasonably necessary for the Lessee to complete such delivery, commencing on or about _____, 1940, and terminating upon the return of said truck to the Owner's possession.

"Lessee agrees to pay Owner as rental for the use of said truck the sum of _____ _____ ($_____) Dollars per day, said truck to be leased a minimum period of one day, but not to exceed ten days. For each partial day's use by Lessee of said truck in excess of one day, said rental shall be prorated. It is understood that the rental is paid only for the use of said truck, and that Lessee will furnish and pay for all gasoline, oil and grease required for the operation of said truck during the period of this lease.

"During the term of this lease, Lessee shall have complete and full control, possession and use of said truck in the same manner as if Lessee were the owner thereof. It is understood and agreed that said truck shall be operated only by drivers who are employed and paid by Lessee, and the said drivers shall be under the sole control and supervision of Lessee, and Owner shall neither exercise nor attempt to exercise any control or supervision whatsoever of such drivers or the leased equipment.

"Lessee agrees to indemnify and hold Owner harmless from any liability for personal or

Honorable James E. Kilday, page 4

property damages suffered by third persons
as a result of the operation by Lessee of
said truck.

"Owner agrees and warrants that said
truck is in good condition and repair, free
from all mechanical defects, and suitable
for Lessee's use in the delivery of catalogs
as aforesaid. Owner further agrees that
said truck is duly licensed and registered
as required by any applicable law or city
ordinance, and that all registration fees
and state and city license taxes required
for the operation of the truck have been
paid.

"Owner and Lessee agree and understand
that this instrument contains the entire
contract of the parties with reference to
the lease and operation of the said truck
hereinbefore described."

We are unable to arrive at the legal effect
of the heretofore quoted lease form as to its general
application. It could well be that the operation of
a truck under the said lease form in one instance
would have the effect of rendering the Motor Carrier
Law inapplicable, while in another instance and under
the same lease form, the operation of the truck would
be subject to the provisions of the Motor Carrier Law.
In any event, it would be necessary to ascertain the
facts and circumstances leading to the making of each
particular lease, as well as the facts and circumstances
relating to the operation thereunder in order to deter-
mine whether or not the Motor Carrier Law is applicable
thereto. In this connection, see Anderson, Clayton and
Company vs. State, 62 S. W. (2d) 107 and 82 S. W. (2d)
941.

We call your attention to our opinions Nos.
0-1221, 0-1401 and 0-1855, which are in accord with
our holding here.

We are, therefore, unable to pass upon the question of whether or not the operation of said leased trucks will constitute an operation of the leased trucks for compensation and hire within the meaning of the Texas Motor Carrier Law.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Glenn R. Lewis
Assistant

By Lee Shoptau

LS:LW

APPROVED FEB 2, 1940

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE